UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LUCY G SIKES** | **CASE NO.  2:25-CV-01124** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PRIME HOLDINGS INSURANCE SERVICES INC ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING AND ORDER

Before the Court is a "Motion to Withdraw Reference" (Doc. 1) filed by Plaintiff, Lucy G. Sikes, Chapter 7 Trustee for the Bankruptcy Estate of Terry Graham Trucking, Inc. ("Trustee").[1] The Trustee moves to withdraw the reference of Adversary Proceeding No. 25-02005  (the "Adversary Proceeding")  as to Counts 1 through 4, from the United States Bankruptcy Court for the Western District of Louisiana pursuant to 28 U.S.C. § 157(d). Defendant, Prime Insurance Company ("Prime") makes a limited objection. Specifically, Prime informs the Court that it does not object to withdrawal of the reference with respect to Counts 2-4, provided that these counts are stayed pending the Bankruptcy's determination of Count 1, which it maintains should not be withdrawn. 28 U.S.C. § 157(d) contemplates that the reference to the Bankruptcy Court may be withdrawn "in whole or in part."

---

[1] The Court notes that the Trustee has also filed a Notice of Appeal in Civil Action 25- 694, *In re: Elvis Thompson, Sikes v. Prime Holdings Ins. Servs. Inc, et al*, (Adv. Proc. No. 25-2004) as to Judge Kolwe's Ruling on Motion to Dismiss and Order, Case No. 22-20401.

## BACKGROUND

On September 8, 2022, an involuntary Chapter 7 Petition was filed naming Terry Graham Trucking, Inc. ("TGTI," also debtor in bankruptcy).[2] The Trustee initiated Adversary Proceeding No. 25-02005 against Prime Holdings Insurance Services, Inc., Prime Insurance Company ("Prime"), and Terry Graham. This proceeding, which seeks damages based on tort, breach of contract and statutory duties of insurers and fiduciaries, alleged multiple state law claims with respect to coverage, policy enforcement, and financial dealings related to the Debtor and the bankruptcy estate.

It appears from court records in other lawsuits filed in this Court and in state court that Prime issued a policy of insurance coverage to TGTI during the relevant policy period that had a $1 million per accident limit.[3] Allegedly, on March 31, 2017, Elvis Thompson, an unscheduled driver, was operating an 1996 Peterbilt on behalf of TGTI when he caused a multi-vehicle accident that resulted in multiple individual claims of injuries. Consequently, Tracey Day and Bradley Day (the *Day* Lawsuit) filed suit against TGTI and Thompson, to which Prime provided a defense.[4] The matter went to trial and the Plaintiffs were awarded $3,900,000.00 with costs; this award as reduced to a Judgment.[5]

The jury verdict was in excess of the policy limits; counsel for the Day Plaintiffs and TGTI alleged bad faith claims against Prime. Prime filed a Declaratory Action against

---

[2] Case No. 22-20302.
[3] *Prime Insurance Co. Inc. v. Terry Graham Trucking Inc.*, Civil Action 2:22-139 (W.D. La.), Doc. 1, Complaint, Doc. 1-2, Policy.
[4] *Id.* Doc. 1, Complaint.
[5] *Id.*

TGTI.[6]  The purpose of Prime's Declaratory Action was for the Court to determine that Prime had not committed bad faith.[7] The record of the Declaratory Action was voluntarily dismissed on June 2, 2022.[8]

The court records also reflect that Prime filed a Complaint for Declaratory Relief against TGTI and Terry Graham, with regard to three lawsuits involving the same accident but with different injured individuals, including the *Day* lawsuit, a lawsuit filed by Teresa Jeffries (the *"Jeffries"* Lawsuit),[9] and a lawsuit filed by Diana and Daniel Guidry (the *"Guidry"* Lawsuit).[10]  Prime provided defense for TGTI and Thompson in these lawsuits.

In this Declaratory Action, Prime was seeking a determination as to whether TGTI and Terry Graham would be obligated to indemnify Prime for its costs of defending the *Jeffries, Day,* and *Guidry* lawsuits, including any judgments therefrom.[11] The grounds for Prime's claims were that there was no coverage for unscheduled drivers and the policy stated that TGTI would be obligated to reimburse Prime for all payments as to Non-Covered Claims, as well as other indemnification provisions in the policy.[12] This Declaratory Action also sought a determination that the three aforementioned lawsuits arose out of a single accident, and the claims collectively were subject to a single

---

[6] *Prime Insurance Co. Inc. v. Terry Graham Trucking Inc.*, Civil Action 2:22-139 (W.D. La.),
[7] *Id.* See "Prayer for Relief."
[8] *Id.*  Doc. 6.
[9] *Prime Insurance Co. Inc. v. Terry Graham Trucking, Inc., et al*, 2:21-1565 (W.D. La.). Ms. Jeffries obtained a $2,508,853.00 judgment with costs.
[10] *Id.* The Guidry's obtained a jury verdict of $1, 2676, 252.56.
[11] *Id.* ¶ 28.
[12] *Id.*  ¶¶ 31, 32, 33, 34, and 35. It was also alleged the Terry Graham had agreed to be personally obligated under these indemnification provisions.

$1,000,000,.00 Per Accident limit of liability.[13] This lawsuit was dismissed on June 3, 2022, pursuant to an Unopposed Motion to Dismiss.[14]

Prime informs the Court that the Trustee's claims against Prime in Count 4 concerning the *Jeffries*, *Day,* and *Guidry* lawsuits were all dismissed with prejudice in state court.[15]

The Adversary Proceeding (Adv. Proc. No. 25-02005) commenced by the Trustee of the TGTI Estate (debtor) named three (3) Defendants: Prime and Prime Holdings Insurance Services, Inc. (collectively referred to as the "Prime Defendants"), Terry Graham (Debtor's Principal), and Paul Eckert and the Degan, Blanchard & Nash law firm (collectively, the "Degan Defendants").

With respect to Prime and Graham, the goal of the Complaint is to retroactively invalidate the Settlement between the Prime Defendants and the Debtor that was achieved at formal mediation. The Settlement resulted in all of the Debtor's claims against the Prime Defendants and all of Prime's claims against the Debtor being dismissed with prejudice. The claims that were dismissed with prejudice include those the Trustee now attempts to assert in the Complaint in the Adversary Proceeding. Here, it appears the Trustee is attempting to invalidate or avoid the settlement under the applicable provisions of the Bankruptcy Code.

*Count 1*

---

[13] *Id.* Declaration, 1(d).
[14] *Id.* Docs, 24 and 25.
[15] Memorandum in Opposition, fn. 1, p. 2, Doc. 3.

Count 1 seeks to utilize Bankruptcy Code §§ 548 and 544 to avoid the prepetition Settlement between the Debtor and the Prime Defendants that also resolved reciprocal claims among the parties. If the settlement is set aside, this would revive the Debtor's claims asserted in Count 4 and Prime's claims and causes of action against the Debtor that were resolved by the Settlement.

Prime maintains that Count 1 is a "core" proceeding under 28 U.S.C. § 157(b)(2)(H). The Trustee asserts that all counts should be withdrawn from the bankruptcy proceeding to prevent piecemeal litigation, duplication of effort, and the waste of judicial resources. The Trustee also notes that in addition to Counts 1, 2, and 4 being inextricably intertwined, Counts 2 and 4 are non-core proceedings that must be decided by this Court. The Trustee asserts that it makes no sense to have the Bankruptcy Court decide the very same factual and legal issues in Count 1.

*Count 2*

The Trustee alleges in Count 2 that Terry Graham breached his duty of loyalty to the Debtor, the Estate of TGTI, by causing the Debtor to enter into the Settlement in Count 1, with the specific intent to hinder, delay, or defraud creditors.[16] Count 2 seeks damages from Graham for his self-dealing as President of TGTI. The Trustee is attempting to avoid piecemeal litigation and inconsistent ruling on the related issues, as well as confusion and delay.

---

[16] Prime cites to ¶ ¶ 45, 51, and 57 of the Complaint, filed in the Adversary Proceeding.

Prime contends that Count 2 is intertwined with and closely related to Count 1, and if the Court finds that the Settlement was entered into at arms'-length, in good faith, and for a reasonably equivalent value, such a resolution would likely moot Count 2, or limit the relief sought.

*Count 3*

Count 3 is a claim by the Trustee on behalf of TGTI against the Degan Defendants that sounds in malpractice and professional negligence under Louisiana law. Prime submits that Count 3 is non-core and no relief is sought from either the Prime Defendants or Graham.

*Count 4*

Count 4 seeks affirmative relief against Prime on the Debtor's previously- existing claims that were dismissed pursuant to the Settlement. If the Settlement is not set aside, Count 4 could not be maintained because they were previously dismissed with prejudice.

Prime agrees that Count 4 is a non-core claim for relief premised on state law.

*Motion to withdraw reference*

In the Fifth Circuit, courts consider six factors when evaluating whether the moving party has demonstrated "cause" for withdrawal of the reference: (1) core versus non-core matters; (2) fostering the economical use of the debtors' and creditors' resources; (3) expediting the bankruptcy process; (4) reducing forum shopping and confusion; (5)whether jury demands have been made; and (6) promoting uniformity in bankruptcy administration. *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir.1985).

The Trustee argues that these claims that implicate Louisiana insurance law, allegations of bad faith, negligence and breach of fiduciary duties, do not depend on the provisions of the Bankruptcy Code and could be asserted independently of the bankruptcy proceeding. The Trustee contends that these are non-core proceedings, and should the parties request a jury trial, the Bankruptcy Court lacks authority to conduct a trial absent the consent of all parties. Additionally, the Trustee asserts that the litigation is complex and delaying the transfer would create inefficiencies and duplicative litigation.

*Core v. Non-Core*

Here, Count 1 asserted by the Trustee relies on the Bankruptcy Code to avoid the prepetition Settlement between the Debtor and the Prime Defendants. The Settlement resulted in all of the Debtor's claims against the Prime Defendants and all of Prime's claims against the Debtor being dismissed with prejudice.

These causes of action were dismissed with prejudice in this Court and in state court proceedings due to the Settlement. The Trustee is attempting to nullify the Settlement and revive these causes of action against Prime, which would also revive Prime's claims. Prime asserts, and the Court agrees, that Count 1 must be decided first.

In Count 2, the Trustee alleges that Terry Graham caused the Debtor (TGTI) to enter into the Settlement with an intent to hinder, delay, or defraud creditors, and was a collusive effort with Prime for the purpose of orchestrating a settlement that would release Graham from personal liability. The claims against Graham relate to alleged breaches of Graham's duty of loyalty to TGTI, as debtor, and allegations of improper distributions to Terry Graham.

The Trustee contends that Graham is individually liable to the Debtor for the value of the claims the Debtor dismissed in the Settlement. Prime asserts that Count 1 will necessarily inquire into whether the Settlement was entered into at arms'-length, in good faith, and for a reasonably equivalent value. Prime suggests that the answers to these questions will likely moot Count 2 or limit the relief available thereunder.

Prime maintains that Count 1 is a "core" proceeding under 28 U.S.C. § 157(b)(2)(H) and Count 4 is a non-core claim for relief premised on state law. Count 4 is relief sought to recover for the benefit of the TGTI estate, the value of the claims that were released in the Settlement.

As noted by Prime, the issue of avoiding the Settlement must be determined, and if the Settlement is avoided, all of the claims dismissed with prejudice as a result of the Settlement would then be litigated, i.e., to recover the claims that were released in the Settlement.

Prime argues that Count 1 is an action to avoid the Settlement under 11 U.S.C. § 548 and/or § 544 and is unquestionably a "core" proceeding. 28 U.S.C. § 157(b)(2)(H) explicitly includes avoidance actions within the illustrative list of "core" bankruptcy proceedings. Prime argues that the first and most important inquiry disfavors withdrawal of the reference as to Count 1. Additionally, Prime contends that uniformity in bankruptcy administration will be promoted by having the Bankruptcy Court determine Count 1 for avoidance of the Settlement, and Bankruptcy Courts, who are well versed in these matters, routinely address claims for avoidance under § 548 and § 544 of the Bankruptcy Code. The Court agrees with Prime and finds that Count 1 is a core proceeding.

As noted by Prime, neither party has suggested forum shopping.

Next, Prime contends that resolution of Count 1, which Prime suggests the Bankruptcy Court can efficiently decide, will foster economical use of resources and is likely to expedite the bankruptcy process.

Lastly, Prime maintains that Count 1 does not implicate any party's right to a jury trial thus, the right to a jury trial does not serve as a basis to withdraw the reference. Prime informs the Court that it has filed a proof of claim in the Debtor's bankruptcy proceeding, the Trustee has not requested a jury trial for Count 1, and neither party is entitled to a jury trial of the avoidance action. *In re Enron Corp.,* 319 B.R. 122, 125 (Bankr. S.D. Tex 2002), citing *In re Jensen,* 946 F.2d 369, 374 (5th Cir. 1991) (the filing of a proof of claim deprives both the creditor and the trustee of the right to a jury trial).

Considering the entirety of the parties' arguments, the Court finds that Count 1- avoidance of the transfer, is a core proceeding that should be decided by the Bankruptcy Court.  The Court agrees with the Trustee, as conceded by Prime, that Counts 2, 3, and 4 are non-core matters and should be decided by this Court.

## CONCLUSION

For the reasons explained herein,

**IT IS ORDERED**  that the Motion to Withdraw Reference (Doc. 1) is **GRANTED** in part and **DENIED** in part.  The Motion is to Withdraw Reference as to Counts 2, 3, and 4, is **GRANTED,** and the Motion to Withdraw Reference as to Count 1 is **DENIED.**

**IT IS FURTHER ORDERED** that this matter is **STAYED** pending a decision by the Bankruptcy Court as to Count 1.

**THUS DONE AND SIGNED** in Chambers on this 11th day of September, 2025.

*[signature]*

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**
