UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LUCY G SIKES** | **CASE NO. 2:25-CV-01124** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PRIME HOLDINGS INSURANCE SERVICES INC ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is a "Motion for Reconsideration" (Doc. 11) filed by Lucy G. Sikes, Chapter 7 Trustee (the "Trustee") of the Bankruptcy Estate of Terry Graham Trucking, Inc., ("TGTI") who moves the Court to reconsider its Ruling and Order,[1] which denied withdrawal of the bankruptcy reference as to Count 1, and granted and stayed withdrawal of the bankruptcy reference as to Counts, 2, 3, and 4, from the United States Bankruptcy Court for the Western District of Louisiana. The Court notes that no opposition has been filed to the Motion and the time for doing so has now lapsed.

Count 1 involves the avoidance of a Settlement between the Debtor, TGTI, and the Prime Defendants under Bankruptcy Code §§ 548 and 544. The Court denied the withdrawal of the bankruptcy and considered it to be a "core" proceeding under 28 U.S.C. § 157(b)(2)(H).

---

[1] Doc. 9.

Count 2 involves a breach of the duty of loyalty by Terry Graham (the sole owner/principal of TGTI) to the Debtor, the Estate of TGTI for Graham's self-dealing as President of TGTI.

Count 3 is a claim by the Trustee on behalf of TGTI against the Degan defendants, who were defense counsel in the underlying lawsuits. This claim sounds in malpractice and professional negligence under Louisiana law.

Count 4 seeks affirmative relief against Prime on the Debtor's previously- existing claims that were dismissed pursuant to the Settlement. If the Settlement is not set aside, Count 4 could not be maintained because they were previously dismissed with prejudice.

The Trustee argues that allowing the bankruptcy court to decide the avoidance of the Settlement Agreement, would cause duplicative trials, conflicting rulings, and endless fights over discovery and attorney-client privilege. The Trustee also informs the Court that Mr. Thompson is now deceased, and Mr. Graham is elderly. Additionally, she suggests that Graham cannot remember any facts, nor can he find any of the TGTI business records.

After reviewing the Trustee's arguments and the record in this matter again, the Court has reconsidered the challenges presented by the Trustee as to how Counts 2,3, and 4, are inherently intertwined with Count 1 that involves the same legal and factual issues, the discovery issues in separating these Counts between the bankruptcy court and the district court, and the potential for conflicting rulings. The Court finds that judicial efficiency will be promoted if all Counts are adjudicated together. Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 11) is **GRANTED** and the STAY is **LIFTED.**

**IT IS FURTHER ORDERED** that the Motion to Withdraw Reference as to Count 1 is **GRANTED.**

**THUS DONE AND SIGNED** in chambers on this 24th day of October, 2025.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE