**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **LUCY G. SIKES, TRUSTEE** <br> *Plaintiff* <br><br> **v.** <br><br> **PRIME HOLDINGS INSURANCE** <br> **SERVICES, INC., PRIME INSURANCE** <br> **COMPANY AND TERRY GRAHAM,** <br><br> *Defendants* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **Civil Action No. 25-CV-01124** <br><br> **JUDGE JAMES D. CAIN, JR.** <br><br> **MAGISTRATE JUDGE LEBLANC** |

## ORDER GRANTING MOTION TO
## <u>CONSOLIDATE FOR DISCOVERY PURPOSES</u>

**CONSIDERING** the *Joint Motion to Consolidate for Discovery Purposes Only* (the "<u>Joint Motion</u>") jointly filed by the parties to this proceeding: (i) Plaintiff, Lucy G. Sikes, Trustee ("<u>Plaintiff</u>" or "<u>Trustee</u>"), (ii) Prime Holdings Insurance Services, Inc. ("<u>Holdings</u>") and Prime Insurance Company ("<u>Prime Insurance</u>," and together with Holdings, collectively, "<u>Prime</u>"); and (iv) Paul Eckert and Degan Blanchard & Nash ("<u>Degan</u>"), and (v) Terry Graham ("<u>Graham</u>") (collectively, the "<u>Parties</u>"), pursuant to Rule 42(a) of the Federal Rule of Civil Procedure (the "<u>Federal Rules</u>"), for entry of an order (this "<u>Order</u>") to consolidate Civil Action Nos. 6:20-cv-00888, 25-cv-01124, and 25-cv-01725 for discovery purposes only, as more fully set forth in the Joint Motion; having considered the Joint Motion, the pleadings, the record, and the applicable law; and having been advised that the Parties have agreed to the terms of this Order;

**IT IS HEREBY ORDERED** that the Joint Motion is GRANTED as set forth herein.

**IT IS FURTHER ORDERED** that the following civil actions (collectively, the "<u>Consolidated Actions</u>") are **CONSOLIDATED** for the limited purpose of pre-trial discovery only, and such consolidation is purely procedural in nature, pursuant to Federal Rule 42(a):

1

1. Lucy G. Sikes, Trustee v. Prime Holdings Insurance Services, Inc., et. al. (Civil Action No. 25-cv-01124);

2. Lucy G. Sikes, Trustee v. Prime Holdings Insurance Services, Inc., et. al. (Civil Action No. 25-cv-01725); and

3. Prime Insurance Company v. Degan, Blanchard & Nash, A Professional Law Corporation and Paul A. Eckert (Civil Action No. 6:20-cv-00888).

**IT IS FURTHER ORDERED** that this Order applies to all Parties to the Consolidated Actions and their respective counsel.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion to Consolidate for Discovery Purposes Only* [ECF No. 73] and Prime's corresponding *Limited Objection to the Trustee's Motion to Consolidate for Discovery Purposes Only* [ECF No. 74] are denied as moot by this Order granting the Joint Motion.

**IT IS FURTHER ORDERED** that no later than the close of business on July 5, 2026, unless extended by written agreement between the Parties, the Parties to the Malpractice Action shall produce to all parties in Civil Action Nos. 25-cv-01124 and 25-cv-01725 (the "Trustee Cases"), all materials over which the producing Party does not assert privilege or work product in the Trustee Cases, which production shall include complete copies of all discovery generated or produced to date in the Malpractice Action, including but not limited to all documents produced, deposition transcripts, and answers to interrogatories. Notwithstanding any other provision of this Order, nothing herein shall require any Party to produce any document or information that is protected by that Party's attorney–client privilege or attorney work-product doctrine, including but not limited to confidential communications with, and work product of, counsel retained solely to represent that Party. Any Party may withhold or redact such documents consistent with Federal

Rule 26(b)(5), and any disputes regarding such withholdings shall be resolved under the standard discovery-dispute procedures of this Court.

IT IS FURTHER ORDERED that by the same July 5, 2026 deadline, unless extended by mutual written agreement between the Parties, any Party asserting a privilege in the Trustee Cases over materials previously produced in the Malpractice Action shall serve a Special Privilege Log describing any documents or materials generated or produced in the Malpractice Action that the Party to contends are protected from disclosure in any other Consolidated Action by that Party's independent attorney–client privilege, attorney work-product doctrine, or other applicable privilege or protection. Each Special Privilege Log shall comply with Federal Rule 26(b)(5). If any receiving Party disputes a privilege or work-product claim identified on a Special Privilege Log or any subsequent privilege log, the Parties shall confer in good faith to attempt to resolve the dispute. If they cannot resolve the dispute, the receiving Party may move the Court for appropriate relief. The Court may, in its discretion, require targeted briefing, in camera review, or other appropriate procedures to adjudicate the disputed entries.

IT IS FURTHER ORDERED that all future discovery served or obtained by any Party in the Malpractice Action shall be simultaneously served upon, or made available to, all Parties in the Trustee Cases, to the extent such discovery is not protected by the attorney–client privilege, attorney work-product doctrine, or other applicable privilege or protection as described in this Order.

IT IS FURTHER ORDERED that all future discovery served or obtained by any Party in the Trustee Cases, shall be simultaneously served on, or made available to, all Parties in the Malpractice Action, to the extent such discovery is not protected by the attorney–client privilege, attorney work-product doctrine, or other applicable privilege or protection as described in this

Order.

**IT IS FURTHER ORDERED** that this consolidation is procedural in nature and shall not expand any party's substantive rights or obligations, including any rights or protections under the attorney–client privilege, the work product doctrine, or any other applicable privilege. The scope of discoverable information remains governed by the Federal Rules and applicable privilege law, and nothing in this Order requires disclosure of information that would be protected from discovery absent this consolidation.

**IT IS FURTHER ORDERED** that the Court expressly finds and orders that any disclosures that Prime may have made in the Malpractice Action, including the production of privileged or work-product materials pursuant to rulings in that action, shall not, by virtue of this consolidation or otherwise, be deemed or implied as a waiver of Prime's independent attorney–client privilege or work-product protections as against the Trustee in the Consolidated Actions. The Trustee's rights, if any, to obtain such materials shall be determined under applicable privilege and work-product law in these proceedings. Nothing in this Order shall be construed to alter or diminish the protections afforded by the Federal Rules. Any assertion that Prime has waived attorney–client privilege or work-product protections shall be determined on a developed record, under applicable law, and shall not be inferred from this Order, from the consolidation of discovery, or from Prime's participation in consolidated discovery.

**IT IS FURTHER ORDERED** that any counsel representing Prime in one or more of the Consolidated Actions may notice depositions and may participate in the questioning of any deponent in the discovery proceedings of the Consolidated Actions. The participation of multiple counsel for Prime in noticing and conducting depositions shall not, in and of itself, be grounds for objection or for limiting Prime's participation in depositions, provided that the total time for

4

examination remains subject to the Federal Rules, this Court's orders, and any agreements of the parties.

**IT IS FURTHER ORDERED** that all productions in the consolidated discovery remain subject to the Stipulated Protective Order previously entered in these proceedings. All materials produced pursuant to this Order shall be treated as having been produced in these actions under the Stipulated Protective Order, with the same designation levels and protections thereunder.

**IT IS FURTHER ORDERED** that nothing in this Order shall preclude any other Party from asserting, or any Party from contesting, claims of waiver, subject to applicable law and this Court's orders.

**THUS DONE AND SIGNED** in Chambers this 23rd day of June, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**